Jennings & Anderson v. Conn & Timberman.

### JENNINGS & ANDERSON v. CONN & TIMBERMAN.

1. PRESUMPTIONS. When the record showed that in an action against two defendants, both appeared and filed a demurrer to the petition; that at the same time plaintiff appeared by his attorneys, and one of the defendants by his attorney, and that by agreement judgment was rendered against the *defendants, Held,* that the Supreme Court, in the absence of any showing to the contrary, must presume that the District Court had authority to enter the judgment.

*Appeal from Lee District Court.*

MONDAY, APRIL 15.

*Noble & Strong* for the appellants.

*Rankin & Miller* for the appellees.

WRIGHT, J.—Action to recover for work and labor per-

formed for the defendants.    Both were served and appeared by their attorney, Belknap, and demurred· to the petition. This demurrer was not disposed of, but at the same term, the record recites: "This day came plaintiffs by Rankin & Miller, their attorneys, and Belknap for the defendant Conn., and by agreement plaintiffs are to have a judgment against *defendants* for the sum of," &c.    Then follows a judgment against both defendants.    Defendant Timberman afterwards appeared and filed a demurrer and answer to the petition. No action was taken thereon and he appeals from the judgment, thus entered, as plaintiffs claim, by agreement.

*Held,* That under the circumstances, this court would presume that the District Court had sufficient authority for entering the judgment.    That though the attorney Belknap, did appear for the defendant Conn, this does not rebut the presumption that he also appeared for the other defendant, or that Timberman appeared either in person or by another attorney, and that in the absence of some showing we will presume that the requisite agreement was made to appear in some proper form, and that the court correctly ordered the judgment.

Judgment affirmed.